UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK DAVID SEGELSTROM, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITIBANK, NA, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-02155-JST<br><br>**ORDER GRANTING DEFENDANTS NATIONSTAR AND MENDOCINO COUNTY'S MOTIONS TO DISMISS AND DENYING DEFENDANT NATIONSTAR'S MOTION FOR A PRE-FILING INJUNCTION**<br><br>Re: ECF Nos. 10, 12, 13 |

Before the Court in this case are two motions filed by Defendant Nationstar Mortgage, L.L.C. ("Nationstar")—a motion to dismiss, ECF No. 12, and a motion for a pre-filing injunction, ECF No. 13. Defendant Mendocino County ("County Defendant") has also filed a motion to dismiss, and a request for judicial notice in support of the motion. ECF Nos. 10, 10-1.

I.   **Background**

　　A.   **Factual Background**[1]

In July 2004, Plaintiffs Erik David Segelstrom and Cathie M. Hamer ("Plaintiffs") obtained a 30-year mortgage loan in the amount of $520,000 to purchase real property located at 29850 Ten Mile Road, Point Arena, California. ECF No. 1 at ¶ 39. Lehman Brothers Bank was the lender. Id. Aurora Loan Services, LLC initially serviced the note, but Plaintiffs subsequently discovered that Aurora had assigned the servicing rights to Nationstar. Id. at ¶ 28. Plaintiffs also discovered from Nationstar in October 2013 that Wilmington Trust, NA ("Wilmington Trust") had been assigned as creditor of their loan. Id. at ¶ 2. Plaintiffs allege that the character and legal status of the debt was misrepresented by Nationstar when Nationstar claimed that the debt was

---

[1] The Court accepts the following allegations as true for the purpose of resolving Defendants' motions to dismiss. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).

owed to them and not to Wilmington Trust. Id. at ¶ 74. Because of these and other alleged defects, Plaintiffs claim that Nationstar cannot legally foreclose on their home because "there is no proper and valid chain of title for the note from Lehman Brothers Bank, FSB to Nationstar Mortgage, LLC or to Citibank, NA and then to Wilmington Trust, NA." Id. at ¶¶ 69-70. Plaintiffs seek declaratory and injunctive relief against Nationstar.

Plaintiffs also name the County of Mendocino as a Defendant in the action, alleging that the "[t]he Mendocino County Sheriff's Department will be asked to assist the banks through their participation in an eviction process of the subject property." Id. at ¶ 37. Plaintiffs seek injunctive relief against the County.

### B. Procedural History

In June 2014, Plaintiffs filed a 63-page complaint in the United States District Court for the District of Columbia against several defendants including Nationstar and County Defendant in an attempt to challenge their foreclosure and eviction proceedings. See Segelstrom v. Citibank, N.A., No. CV 14-1071 (CKK), 2014 WL 6603202 at *8-*12 (D.D.C. Nov. 21, 2014) ("Segelstrom I"). Plaintiffs pled several claims under the False Claims Act. Id. at *8. Plaintiffs also alleged that Nationstar lacked standing to foreclose on their mortgage, violated a consent judgment entered into between Citibank and several other banks, fraudulently took assignment of Plaintiffs' mortgage, intentionally inflicted emotional distress on Plaintiffs, and violated Plaintiffs' due process rights. Id. at *8-*12. Plaintiffs sought declaratory and injunctive relief. Id.

In September 2014, Plaintiffs filed a 96-page complaint against Nationstar and other Defendants in the United States District Court for the Northern District of California. Segelstrom v. Nationstar Mortgage L.L.C., No. 14-CV-03961-JST, 2015 WL 1149909 (N.D. Cal. March 13, 2015) ("Segelstrom II"). Plaintiffs similarly alleged that Nationstar lacked authority to foreclose on their property. Id. at *1. Plaintiffs alleged numerous causes of action, including violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Id. They sought declaratory and injunctive relief.

On November 21, 2014, Judge Kollar-Kotelly of the District Court of the District of Columbia dismissed with prejudice all claims brought against Nationstar and dismissed all claims

against County Defendant for lack of personal jurisdiction.  Segelstrom I, 2014 WL 6603202.  On March 13, 2015, in light of Judge Kollar-Kotelly's decision, this Court dismissed with prejudice all claims brought against Nationstar in Segelstrom II pursuant to the doctrine of claim preclusion.  Segelstrom II, 2015 WL 1149909.

In May 2015, Plaintiffs initiated the current action by filing a 57-page complaint against Nationstar, County Defendant, and other defendants.  ECF No. 1.  In the current action, Plaintiffs similarly allege that Nationstar does not have the authority to foreclose their property.  Id.  Plaintiffs further allege that both Nationstar has violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.  Id.  County Defendant is mentioned only twice in the Complaint.

County Defendant subsequently filed a motion to dismiss on June 5, 2015, and a request for judicial notice in support of the motion.  ECF No. 10; ECF No. 10-1. Defendant Nationstar filed a motion to dismiss and a motion for a pre-filing injunction on June 18, 2015.  ECF No. 12; ECF No. 13.

Plaintiffs' response to the County motions was due by June 19, 2015, and Plaintiffs' responses to the Nationstar motions were due by July 2, 2015.  Plaintiffs did not file timely responses to any of the motions.  On July 13, 2015, the Court received Plaintiffs' response to the County's motion.  ECF Nos. 15, 16.  Given Plaintiffs' pro se status, the Court accepted the late filed opposition.  ECF No. 18.  As of this date, Plaintiffs have not submitted an opposition to Nationstar's motions.

### C. Jurisdiction

The Court has jurisdiction over this action, as Plaintiffs have alleged causes claims under 15 U.S.C. § 1640(e) and 15 U.S.C. § 1692k(d).

## II. Motions to Dismiss

### A. Legal Standard

On a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts must determine whether a plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Court must "accept all

factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005). Even though the Court must accept all factual allegations in the complaint as true, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Allegations in a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

In the case of pro se parties, courts have an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc). However, pro se parties must still allege facts sufficient to allow a court to determine whether a claim has been stated. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court decides to dismiss Plaintiffs' Complaint, the next question is whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and quotations omitted). Dismissing a pro se complaint without leave to amend is appropriate only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980).

### B.     Defendant Mendocino County

County Defendant moves to dismiss Plaintiffs' complaint, contending that Plaintiffs have failed to state any causes of action against the County. ECF No. 10. County Defendant notes that the County is "referenced in the Petition only twice and not mentioned at all within Plaintiffs'

1  individual causes of action." ECF No. 10 at 2.  The first reference to the County in the complaint
2  alleges that "[t]he Mendocino County Sheriff's Department will be asked to assist the banks
3  through their participation in an eviction process of the subject property, in violation of state and
4  federal law, including the Truth in Lending Act ('TILA'), Title 15 US Code §§ 1641(f) and
5  1641(g) as well as California Civil Code 2932.5."  ECF No. 1 at ¶ 37. The other reference to the
6  County in the complaint alleges that the County "has indicated that they wish to enforce the note
7  and Deed of Trust regardless of the tenuous legal standing of the banks named herein and the
8  tendency of both federal and state courts to set aside the law, including US Supreme Court
9  decisions and give every advantage to the banks no matter what." Id. at ¶ 59.

10        The Court concludes that Plaintiffs' Complaint does not contain sufficient allegations to
11  state a claim against the County.  It is unclear from the two references to the County in the
12  Complaint what theory of liability Plaintiffs' seek to assert against the County.  Although
13  Plaintiffs' opposition indicates they seek "declaratory and injunctive relief," rather than damages,
14  from the County, ECF No. 16 at 1, the Complaint does not make clear what form of relief is
15  sought from the County, as opposed to what relief is sought from other named Defendants.  See,
16  e.g., ECF No. 1 at ¶ 95.

17        Furthermore, Plaintiffs' claims against the County appear to be based solely on actions that
18  Plaintiffs speculate will be taken by the County in connection with the eviction process for
19  Plaintiffs' property, suggesting that any claims against the County are not yet ripe.  Ripeness is a
20  question of timing designed to "prevent the courts, through avoidance of premature adjudication,
21  from entangling themselves in abstract disagreements." Thomas v. Achorage Equal Rights
22  Comm'n, 220 F.3d 1134, 1138 (9th Cir. 1999) (citing Abbott Labs. v. Garder, 387 U.S. 136, 148
23  (1967)).  A claim is not ripe for adjudication "if it rests upon contingent future events that may not
24  occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300
25  (1998) (internal quotation marks omitted).  Plaintiffs' claims do not appear to be ripe for
26  adjudication because they are contingent upon the County's participation in the eviction process,
27  which has not yet occurred.  Plaintiffs state that the County "has indicated that they wish to
28  enforce the note and Deed of Trust regardless of the tenuous legal standing of the banks named

herein and the tendency of both federal and state courts to set aside the law, including US Supreme Court decisions and give every advantage to the banks no matter what." Id. at ¶ 59.  Plaintiffs have not pled sufficient facts to render this assertion plausible, as they have not alleged with sufficient detail what statements were made, which County official made them, and what actions the County has stated it would take in connection with the eviction process.

In short, Plaintiffs' complaint does not "contain sufficient allegations of underlying facts to give fair notice and to enable the [County] to defend itself effectively." Baca, 652 F.3d at 1216. The Court will therefore dismiss Plaintiffs' claims against County Defendant pursuant to Federal Rule of Civil Procedure 12(b)(6).  The County asks that the Complaint be dismissed with prejudice as to the County, as "Plaintiff has failed to state any cause of action against County Defendant under any of the statutory bases alleged." ECF No. 10. at 7.  Dismissing a pro se complaint without leave to amend is appropriate only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980).  The County argues that Truth in Lending Act, Fair Debt Collection Practices Act, and California Civil Code Act § 2932.5 claims cannot be successfully pled against the County.  Given that the 57-page complaint largely focuses on the named bank Defendants, with only two references to the County, it is difficult to discern any legal theory Plaintiffs could assert against the County going forward.

In light of the Plaintiffs' failure to identify any wrongful action by the County, as well as their lengthy and unsuccessful history of prior unsuccessful claims in this Court and in the District for the District of Columbia, the Court concludes that leave to amend in this case would be futile. Plaintiffs' claims against the County of Mendocino are dismissed with prejudice.

### C. Defendant Nationstar Mortgage, LLC

Nationstar seeks to dismiss Plaintiffs' claims on the basis of res judicata, or claim preclusion.  "Res judicata is applicable whenever there is (1) identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal quotations and citations committed).

### i. Identity of the Claims

"The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001) (internal citations and quotations omitted). Hence, "[i]t is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought." United States ex rel. Barajas v. Northrop Corp., 147 F.3d 905, 909 (9th Cir. 1998). "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005) (internal citations and quotations omitted).

The complaints in Segelstrom I, Segelstrom II, and the current action all allege that Nationstar cannot foreclose on Plaintiffs' property due to various alleged irregularities in the process by which Nationstar came to obtain an interest in the property, all of which irregularities Plaintiffs allege occurred prior to the filing of the complaint in Segelstrom I. In Segelstrom I, Plaintiffs brought their claims against Nationstar under the False Claims Act, various California statutes, and provisions of the Uniform Commercial Code. Segelstrom I, 2014 WL 6603202, at *8-*10. Plaintiffs also challenged Nationstar's ability to foreclose on Plaintiffs' property, alleging that Nationstar had "not established, with admissible evidence, that [they] are the holder of the note or holder of the Deed of Trust." Id. In Segelstrom II, Plaintiffs brought their challenges against Defendant in the form of several RICO claims that they had not brought in Segelstrom I. Segelstrom II, 2015 WL 1149909, at *2. This Court concluded that, although the RICO claims had not previously been brought, the suits shared "the same transactional nucleus of facts" and Nationstar therefore had "established that there exists identity of the claims between the two actions." Id. at *3. The same is true of the present complaint, in which Plaintiffs again challenge Nationstar's authority to foreclose on the same property that was in dispute in the previous Segelstrom actions as a result of the same alleged defects in the chain of title that were alleged in the previous Segelstrom actions. Although the present complaint is somewhat different in content

7

1   from the prior complaints, it does not contain any allegations against Nationstar that post-date the
2   filing of the previous actions. The present claims therefore could have been brought in those prior
3   actions.
4         The Ninth Circuit has held that the common nucleus criterion is often "outcome
5   determinative under the first res judicata element," Mpoyo v. Litton Electro-Optical Sys., 430 F.3d
6   985, 988 (9th Cir. 2005), but has nonetheless set forth other factors that courts may apply to
7   determine whether identity of the claims exists between suits. Courts may look to "whether rights
8   or interests established in the prior judgment would be destroyed or impaired by prosecution of the
9   second action." Id. at 987. Here, allowing the current action to continue would impair
10  Nationstar's "freedom from litigation established by [the] dismissal with prejudice of the first
11  suit." Durney v. WaveCrest Labs., LLC, 441 F. Supp. 2d 1055, 1064 (N.D. Cal. 2005). Courts
12  also may assess "whether substantially the same evidence is presented in the two actions."
13  Mpoyo, 430 F.3d at 988 (9th Cir. 2005). That test is also met here. As Plaintiffs dispute
14  Nationstar's right to foreclose their home, the evidence Plaintiffs would present in this action
15  would be very similar to the evidence Plaintiffs would have presented had Segelstrom I proceeded
16  beyond Defendant Nationstar's motion to dismiss.
17        Nationstar has established that there exists identity of the claims between this action and
18  Segelstrom I and Segelstrom II.

19        **ii.    Final Judgment on the Merits**

20        "Final judgment on the merits is synonymous with dismissal with prejudice." Hells
21  Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 686 (9th Cir. 2005) (internal quotations
22  and citations omitted). Judge Kollar-Kotelly's order in Segelstrom I dismissed Plaintiffs' claims
23  against Nationstar with prejudice. Segelstrom I, 2014 WL 6603202 at *13 ("Defendants Citibank
24  and Nationstar and the Doe Defendants are DISMISSED WITH PREJUDICE as Plaintiffs have
25  failed to state a claim against these Defendants under the False Claims Act or a claim for wrongful
26  foreclosure, fraud, violation of the consent judgment, intentional infliction of emotional distress,
27  or violation of due process."). In Segelstrom II, applying the doctrine of claim preclusion, this
28  Court also dismissed Plaintiffs' claims against Nationstar with prejudice. Segelstrom II, 2015 WL

1149909, at *3.  As Plaintiffs claims have now been dismissed with prejudice twice, the requirement of a final judgment on the merits is satisfied.

### iii. Privity Between the Parties

Privity exists when the parties in both actions are identical or where "there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest."  Tahoe–Sierra, 322 F.3d at 1081.  The only Plaintiffs in the current action are Erik David Segelstrom and Cathie M. Hamer, the same two Plaintiffs who brought Segelstrom I and Segelstrom II.  Nationstar was a Defendant in all three of these actions.  As the parties to both actions are identical, the requirement of privity between the parties is satisfied.

### iv. Conclusion

The Court concludes that Plaintiffs' claims against Nationstar are barred by the doctrine of claim preclusion.  Therefore, the Court will again dismiss Plaintiffs' claims against Nationstar with prejudice.

## III. Motion for a Pre-filing Injunction

Defendant Nationstar asks that this Court preclude Plaintiffs from filing any subsequent suits arising out of their home loan for the Property located at 29850 Ten Mile Road, Point Arena, California without the Court's consent.  ECF No. 13 at 1.  "The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants."  Weissman v. Quail Lodge Inc., 179 F.3d 1194, 1197 (9th Cir. 1999).  Under 28 U.S.C. § 1651(a), "enjoining litigants with abusive and lengthy histories is one such form of restriction that the district court may take."  De Long v. Hennessy, 912 F.2d 1144, 1147 (9th Cir. 1990).

However, the Ninth Circuit has cautioned that such "pre-filing orders should rarely be filed," id., as "such sanctions can tread on a litigant's due process right of access to the courts." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007).  "When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and an opportunity to oppose the order before it is entered; (2) compile an adequate record for appellate review, including a listing of all the cases and motions that led the district court to conclude that a

vexatious litigant order was needed; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as to closely fit the specific vice encountered." Ringgold-Lockhart v. Cnty. of Los Angeles, 761 F.3d 1057, 1062 (9th Cir. 2014).

At this time, the Court declines to take the drastic step of entering a pre-filing injunction against Plaintiffs, as their litigation history has not yet arisen to the level of vexatious. Plaintiffs, proceeding pro se, have filed two complaints against Nationstar in this District alleging that Nationstar violated various federal statutes and provisions of California state law in connection with its attempts to foreclose on Plaintiffs' property at 29850 Ten Mile Road, Point Arena, California. Prior to these actions, Plaintiffs filed one such action against Nationstar in the District Court for the District of Columbia, which was dismissed with prejudice. While the facts alleged largely overlap, the causes of action in the complaints in each case brought by Plaintiffs have varied. While these variances have not allowed Plaintiffs to circumvent the application of the doctrine of claim preclusion as to their claims against Nationstar, they nonetheless demonstrate that Plaintiffs have attempted in good faith to pursue various legal theories, rather than merely relitigating legal theories that Courts have repeatedly found frivolous.

Nonetheless, the Court advises Plaintiffs that, for the reasons enumerated by the Court in this order and its prior order in Segelstrom II, 2015 WL 1149909, at *2-*3, future federal court actions against Nationstar alleging that Nationstar lacks an interest in the property in question due to irregularities in the assignment of the note, deed of trust, Notice of Default, foreclosure sale, and the recording of the Trustee Deed are subject to dismissal under the doctrine of claim preclusion. See Segelstrom I. Because any claims arising from these facts relate to the claims that were brought in the Plaintiffs' first District Court action in the District of Columbia, Segelstrom I, it does not matter if Plaintiffs seek to bring such claims under new legal theories. Therefore, the Court will advise Plaintiffs that, if they file another action against Nationstar premised on the same transactional nucleus of facts, the Court will be more likely to entertain a request by Nationstar to subject Plaintiffs to a pre-filing injunction pursuant to 28 U.S.C. § 1651(a).

## CONCLUSION

County Defendant's motion to dismiss is granted with prejudice. Defendant Nationstar's

motion to dismiss is granted with prejudice. Defendant Nationstar's motion for a pre-filing injunction is denied.

The Court also notes that the other Defendants in this action do not appear to have been served. The Court advises Plaintiffs that, pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiffs are directed either to serve the remaining defendants by September 12, 2015, or show cause in writing by that date why this case in its entirety should not be dismissed without prejudice.

The Case Management Conference currently scheduled for August 26, 2015 is continued to December 2, 2015 at 2:00 p.m. A case management statement is due ten court days beforehand.

IT IS SO ORDERED.

Dated: August 24, 2015

_____
JON S. TIGAR
United States District Judge